UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| JAMES T. COLE, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 21-cv-1049 (TSC) |
| UNITED STATES DEPARTMENT OF JUSTICE *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff James T. Cole, Jr., appearing *pro se*, has sued under the Freedom of Information Act (FOIA) to compel records from the Federal Bureau of Investigation (FBI). Defendants Department of Justice and FBI have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons explained below, Defendants' motion will be GRANTED.

### I. BACKGROUND

Plaintiff is a federal prisoner serving a life sentence for his 1993 drug convictions in the U.S. District Court for the Eastern District of Pennsylvania. *United States v. Cole*, 634 Fed. App'x 342, 343 (3d Cir. 2015). In a FOIA request dated December 23, 2014, Plaintiff sought all FBI 302 reports and related documents concerning the investigation of "a Criminal Organization known as the 'Junior Black Mafia' and or 'J.B.M.' " from January 1986 to January 1995. Ex. A to Decl. of Michael G. Seidel ("Seidel Decl."), ECF No. 13-3; Compl. Ex. A. ECF No. 1-1 at 3. Plaintiff agreed to pay up to $500 in fees. ECF No. 13-3 at 5.

1

On January 20, 2015, the FBI acknowledged Plaintiff's FOIA request and indicated that a search for records had begun. Seidel Decl., Ex. B. By letter of February 11, 2015, the FBI informed Plaintiff that it found approximately 43,750 potentially responsive pages, which if released on compact disc (CD) would cost him an estimated $1,310 for duplication. *Id*., Ex. C, ECF No. 13-3 at 9. Because Plaintiff is incarcerated, however, the CD option was available only if Plaintiff provided an alternative address. *Id*.; *see* Seidel Decl. ¶ 7 (attesting that "the FBI cannot send CDs to correctional institutions"). A paper release was estimated to cost $4,375. Plaintiff was also informed that he was entitled to receive the first 100 responsive pages at no cost and that he could narrow his request to reduce costs and processing time. ECF No. 13-3 at 9. Finally, Plaintiff was told that his request would be closed if he failed within thirty days to notify the agency of his preference for CD or paper, his willingness to pay the estimated fees, and his desire to receive the free pages. *Id*.

In a letter date-stamped March 30, 2015, Plaintiff requested paper copies of the 100 free pages. Seidel Decl., Ex. D. On November 19, 2015, the FBI released those pages to Plaintiff with redactions made pursuant to FOIA Exemptions 3, 6, 7(C), and 7(D), codified at 5 U.S.C. § 552(b). The release letter noted that "[t]he enclosed documents . . . represent the final release of information responsive to your specific FOIA request" and advised Plaintiff of his right to appeal that decision to the Office of Information Policy ("OIP") within 60 days. Seidel Decl., Ex. L, ECF No. 13-3 at 32-33. In response to this lawsuit filed on April 14, 2021, the FBI confirmed that OIP has received no appeal of the foregoing determination. Seidel Decl. ¶ 20.

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(1)

"Federal district courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  "Subject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case."  *Gonzalez v. Thaler*, 565 U.S. 134,141 (2012); *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996).  Before proceeding to the merits of a claim, a court must satisfy itself that it has subject-matter jurisdiction to consider the claim.  *See Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (courts "'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'"  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'"  *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)).  And while courts construe *pro se* filings liberally, *see Richardson*

3

*v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), the non-justiciability of the case and the absence of jurisdiction cannot be overcome by construing the complaint liberally.

**B. Rule 12(b)(6)**

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" and "the grounds for the court's jurisdiction" so that a defendant has fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing cases). Rule 12(b)(6) permits a party to move for dismissal on the ground that the complaint has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Because the court will rely on matters beyond the pleadings, it will analyze the Rule 12(b)(6) motion to dismiss under the standards for summary judgment.[1] *See* Fed. R. Civ. P. 12(d). Summary judgment is appropriate where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.

---

[1] On September 1, 2021, Plaintiff was advised of this standard and the rules governing summary judgment proceedings. *See* Order, ECF No. 15.

4

*See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002).

### III. ANALYSIS

"FOIA provides a 'statutory right of public access to documents and records' held by federal government agencies." *Citizens for Responsibility & Ethics in Washington v. DOJ*, 602 F. Supp. 2d 121, 123 (D.D.C. 2009) (quoting *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982)). It requires that federal agencies comply with requests to make their records available to the public, unless such "information is exempted under [one of nine] clearly delineated statutory language." *Id.* (internal quotation marks omitted); *see also* 5 U.S.C. § 552(a), (b). A plaintiff prevails "only if he has demonstrated that an agency has (1) improperly (2) withheld (3) agency records." *Johnson v. United States*, 239 F. Supp. 3d 38, 44 (D.D.C. 2017) (citation and internal quotation marks omitted).

In deciding whether an agency has fulfilled its obligations under FOIA, "the court shall determine the matter *de novo* . . . and the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). The court may rely solely on information provided in an agency's supporting affidavits or declarations if they are relatively detailed and "are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "To successfully challenge an agency's showing that it complied with the FOIA," the plaintiff "must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld

5

extant agency records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

### A. Subject-Matter Jurisdiction

Citing Rule 12(b)(1), Defendants argue that Plaintiff's claims are moot simply because the FBI fulfilled his request for copies of the 100 free pages. Mem. at 7, ECF No. 13-1. But the FBI redacted information from those pages based on FOIA exemptions, *see* ECF No. 13-3 at 32, and "where the government has released only a portion of the requested documents, the case is moot only with regard to [any unredacted] documents." *Bayala v. United States Dep't of Homeland Sec., Off. of Gen. Couns.*, 827 F.3d 31, 34 (D.C. Cir. 2016); *see Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*, 3 F.4th 350, 367 (D.C. Cir. 2021) (deeming moot the "issue" surrounding the partial withholding of a cover letter after "the government released the full and unredacted version of that letter during the pendency of th[e] appeal"). Defendants have not described the released pages, much less identified those to which the mootness doctrine may apply. Therefore, the motion to dismiss under Rule 12(b)(1) is hereby denied.

### B. Failure to State a Claim

Defendants argue next that dismissal is warranted because Plaintiff failed to exhaust his administrative remedies under FOIA before filing suit. The court agrees. "Exhaustion of administrative remedies is generally required before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'" *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (quoting *Oglesby v. United States Dep't of the Army*,

920 F.2d 57, 61 (D.C. Cir. 1990)).  Although exhaustion under FOIA is not a jurisdictional requirement, "FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Id*. (internal quotation marks and citation omitted). Therefore, a plaintiff's failure to exhaust before filing suit "can be a substantive ground for rejecting a FOIA claim in litigation." *Bayala*, 827 F.3d at 35.

Plaintiff concedes that he did not appeal the FBI's release determination to OIP. He posits that his failure to exhaust is no barrier to review because the agency failed "to process" his request within twenty business days.  Opp'n, ECF No. 16 at 3-4; *see* 5 U.S.C. § 552(a)(6)(A)(i) (setting response times).  Even if true, "an administrative appeal is mandatory if," as here, "the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed." *Oglesby*, 920 F.2d at 63.  The FBI's "final release" of responsive records more than five years *before* the filing of this lawsuit undercuts Plaintiff's argument.  Consequently, dismissal for failure to state a claim is appropriate. *See Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (clarifying that unexhausted FOIA claims are properly dismissed under Rule 12(b)(6)).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be GRANTED.  A corresponding order will issue separately.

Date:  October 18, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge